IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA KENNEY, | ) |
|         Plaintiff, | ) Civil Action No. 22-1864 |
| v. | ) |
| | ) Judge Cathy Bissoon |
| THE EXTRA MILE EDUCATION FOUNDATION, INC., *et al*, | ) |
|         Defendants. | ) |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Moving Defendant Extra Mile Education Foundation, Inc.'s Motion (Doc. 19)[1] to Dismiss will be granted, without prejudice.

Regarding Counts 1, 2 and 3 of the Amended Complaint, Plaintiff asserts that Defendant, as a joint employer with Crossroads Foundation, discriminated against Plaintiff due to her disability as a right leg, below-the-knee amputee, Amend. Compl. ¶¶ 36-48, failed to make reasonable accommodations for Plaintiff as an Extra Mile Counselor assigned to its partner school, St. Benedict the Moor Catholic School, *id*. at ¶¶ 49-57, and subsequently retaliated and wrongfully terminated Plaintiff, *id*. at ¶¶ 58-63, in violation of the Americans with Disabilities Act, 42 U.S.C § 12101, *et seq*., and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951, *et seq*. However, the Amended Complaint fails to satisfy the factors set forth in In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation, 683 F.3d 462, 469 (3d

---

[1] The Court declines to strike Plaintiff's untimely Response given Defendant has not sustained any undue prejudice from the one-day delay.

Cir. 2012), that Defendant is a joint employer.[2] *See* Shaffer v. Wexford Health Sources, Inc., 2018 WL 3388461, at *3 ("Though articulated in the context of an FLSA claim, the Enterprise factors have been applied to evaluate 'joint employer' claims in the context of the ADA and PHRA."). As such, and for the reasons explained below, Counts 1, 2 and 3 against Defendant Extra Mile Foundation must be dismissed.

Under Enterprise, courts consider four factors to determine whether a party is a joint employer. The factors include the alleged employer's (a) "ability to hire and fire" employees; (b) authority to "promulgate work rules and assignments" and to set "conditions of employment" including work schedules; (c) "involvement in day-to-day supervision" including "employee discipline"; and (d) "actual control of employee records, such as payroll, insurance, or taxes." 683 F.3d at 469. Each factor will be discussed in turn.

Regarding the first factor, Plaintiff asserts Extra Mile's hiring and firing authority may be established by the termination letter and an alleged lunch where a Crossroads employee and an unnamed Extra Mile supervisor met to discuss Plaintiff's employment — a fact that was only referenced for the first time in Plaintiff's Response. *Compare* Amend. Compl. *with* Resp. at 11-

---

[2] Plaintiff abandoned her single-employer theory, Resp. at p. 10, so the Court declines to address this argument. To be clear, however, the Defendant's attached documents could have been considered without converting the instant Motion into a Motion for Summary Judgment because the documents are either of public record or integral to the case. *See* McCullough v. Advest, Inc., 2017 WL 3675787, at *3 (W.D. Pa. Aug. 25, 2017) (Bissoon, J.) (citing In re Merck & Co., Inc. Sec. Litig., 432 F.3d 261, 264 n.3 (3d Cir. 2005)); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). For instance, Extra Mile's Tax Forms 990 for 2020 and 2021 are clearly part of the public record, and forms are integral to Plaintiff's claims given federal law requires Plaintiff to first exhaust her administrative remedies before filing suit in federal court, *see* 29 C.F.R. § 1614.407; Plaintiff's claims, facts and parties are identical to those referenced in her EEOC Charge, *compare* EEOC Charge (Doc. 19-3) *with* Amend. Compl.; and both documents could lend themselves to Plaintiff's joint employer theory, *see* Resp. (Doc. 22) at p. 10. Defendant's Forms 990 and EEOC charge would have indicated to the Court that Defendant was not an "employer" under the ADA.

12.  However, as Defendant highlights, even if these facts were taken as true, they are not probative of Defendant's authority to hire and fire Plaintiff.  Moreover, the termination letter (sent on Crossroads stationary and signed only by a Crossroads employee) indicates that Crossroads, not Extra Mile, was responsible for hiring and firing Plaintiff.  *See id.*, Termination Letter (Doc. 16-2) ("We regret to inform you that *Crossroads has decided* to end your role as the Extra Mile Transition Counselor at Crossroads Foundation effective immediately." (emphasis added)).

With respect to the second factor, Plaintiff seems to assert a vicarious liability theory to demonstrate that Defendant had the authority to "promulgate work rules and assignments" because Defendant provides subsidies to St. Benedict, Amend. Compl. ¶¶ 15, 16, and/or St. Benedict's principal sets her "schedule and work assignments," *id.* ¶ 17.  Nevertheless, Plaintiff fails to provide any factual support on how providing subsidies to its partner school, St. Benedict, plausibly establishes Defendant's authority to "promulgate [Plaintiff's] work rules and assignments."[3]  If anything, the Amended Complaint indicates the opposite: Plaintiff's "schedule and classroom assignments [were] provided to her by St. Benedict's Principal," and Plaintiff was "specifically instructed to report directly to both [St. Benedict's principal] and her Crossroads supervisor."  *Id.* at ¶¶ 17-18.

The third <u>Enterprise</u> factor fares no better.  Plaintiff's assertion that "any written corrective or disciplinary action" was "signed by and distributed" to both Crossroads and Extra

---

[3] As Defendant highlights, Plaintiff's Response not only impermissibly includes new information but also misrepresents to the Court the facts that appear in Plaintiff's Amended Complaint.  *See, e.g.*, Resp. at p. 12 (citing to Amend. Compl. ¶¶ 15, 18 for the proposition that Plaintiff reported to Extra Mile School Operations Manager Matthew Kuntz, but said paragraphs make no reference to Kuntz).

Mile supervisors, Amend. Compl. ¶ 19, is belied by the termination letter's inclusion of only Crossroads employee's signature, *see* Termination Letter.  Moreover, allegedly distributing Plaintiff's disciplinary actions to Defendant does not indicate to the Court that Defendant was involved in Plaintiff's day-to-day activities under Enterprise.  Accordingly, Plaintiff's claims are unsupported by the third factor in the joint employer test. [4]

Regarding the fourth, and final, factor, Plaintiff's Amended Complaint alleges that Defendant funded Plaintiff's employment "*through Crossroads*, with a specific allotment for Plaintiff's salary," Amend. Compl. ¶ 21 (emphasis added), specifies that Crossroads issued Plaintiff's paycheck, *id*., and indicates that Plaintiff was covered under Crossroads medical insurance, *see* Termination Letter.  Thus, the Court finds that it is not plausible for Defendant to have actual control of Plaintiff's employment records.

Evaluating the four Enterprise factors in the aggregate and in a light most favorable to Plaintiff, the Court finds that Defendant did not exercise "significant control" over Plaintiff based upon the allegations contained in the Amended Complaint.  Although the Third Circuit has commented on the fact-intensive nature of determining an employment relationship, Hayes v. Waddell & Reed, Inc., 2013 WL 5434139, at *9 (W.D. Pa. Sept. 26, 2013) (citing Graves v.

---

[4] Plaintiff argues — again, for the first time — that Kuntz "was present on site each day and provided much more supervision and control over [Plaintiff's] daily activities." *Compare* Amend. Compl. *with* Resp. at p. 3-4.  This fact not only contradicts Plaintiff's Amended Complaint that Plaintiff was "specifically instructed to report directly to both [St. Benedict's principal] and her Crossroads supervisor," *see* Amend. Compl. at ¶¶ 17-18, but it appears that Plaintiff's counsel is attempting to retroactively fill in gaps that Defendant has identified in her Amended Complaint.  However, it is "well established that a plaintiff may not amend the complaint through the brief filed in opposition to a motion to dismiss." Link v. Adamski, 2015 WL 6873574, at *6 n.5 (W.D. Pa. Nov. 9, 2015) (Bissoon, J.); *see also* Swope v. City of Pittsburgh, 90 F. Supp. 3d 400, 410 (W.D. Pa. 2014) ("Neither of these assertions, however, are contained in the Complaint and thus have no bearing on the disposition of the instant Motion [to Dismiss].").  Accordingly, the Court will not consider facts that were excluded from the Amended Complaint, such as Kuntz allegedly supervising Plaintiff's day-to-day activities.

Lowery, 117 F.3d 723, 729 (3d Cir. 1997)), the facts in the Amended Complaint depict Defendant as a sponsor, rather than a joint employer under Enterprise.  Plaintiff is "obligat[ed] to provide the grounds of [her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internals omitted).  As such, viewing the evidence in light most favorable to Plaintiff, the Court finds Plaintiff failed to offer enough evidence in her Amended Complaint to survive this Motion.

## II.  ORDER

For these reasons, Defendant's Motion to Dismiss (**Doc. 19**) regarding Counts 1, 2 and 3 against Extra Mile is **GRANTED WITHOUT PREJUDICE**.  Although the Court has significant doubts regarding Plaintiff's ability to cure the deficiencies, it nevertheless will afford her one final opportunity for amendment (as to Counts I, II and III against Defendant Extra Mile Education Foundation, Inc. only).  Given that Plaintiff already has amended her complaint once, she must make last, best efforts to state a viable claim, because further opportunity will not be provided.  Should Plaintiff wish to file a second amended complaint, she shall do so by **January 4, 2024**.  If no such amended pleading is timely filed, dismissal of Counts I, II and III against Defendant Extra Mile will be converted to one with prejudice, and the case will proceed on Plaintiff's remaining claims against Defendant Crossroads Foundation.

IT IS SO ORDERED.

December 15, 2023                                          s/Cathy Bissoon
                                                                            Cathy Bissoon
                                                                            United States District Judge

cc (via ECF email notification):
All Counsel of Record